UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:19-CR-00211-7 |
| | ) | |
| | ) | CHIEF JUDGE CRENSHAW |
| MARCUS ODOM | ) | MAGISTRATE NEWBERN |

## RESPONSE OF THE UNITED STATES
## TO DEFENDANT'S MOTION TO REOPEN DETENTION HEARING

COMES NOW the United States of America, by and through Mary Jane Stewart, Acting United States Attorney, and the undersigned Assistant United States Attorney, Juliet Aldridge, and makes the following response to the Defendant's Motion to Reopen Detention Hearing (hereinafter the "Motion"). (Doc. No. 235). The United States submits that the Defendant has not shown (and cannot show) that any of the information recited in Defendant's motion is information which "was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). By the plain reading of the statute, the information that was not known to the movant must be tethered to the Court's analysis of whether conditions will reasonably assure appearance and community safety. Because the "information" the Defendant submits in his Motion as the basis for re-opening the detention hearing was either known to him at the time of the original detention hearing or does not have a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance or community safety, the Defendant's motion should be denied.

## FACTUAL BACKGROUND

The Defendant was arrested on August 28, 2019, pursuant to an Indictment alleging he as well as eight others conspired to distribute cocaine and heroin in violation of 18 U.S.C. §§ 841(a)(1) and 846. (Doc. No. 3.) The Government moved to detain him. (Doc. No. 44.) On September 5, 2019, this Court conducted a detention hearing, determined that a rebuttable presumption existed that no condition or combination of conditions would reasonably assure the appearance of the Defendant as required and the safety of the community, and that the Defendant had failed to introduce sufficient evidence to overcome the presumption. (Doc. No. 90.) Defendant has remained in custody since that time. Trial is set for April 2022.

## LEGAL ARGUMENT

Under federal law, "a detention hearing *may* be reopened" if certain conditions are met. 18 U.S.C. § 3142(f). The Sixth Circuit has previously held that the "use of the word 'may' as opposed to 'will,' for example, implies that the district court has discretion in determining whether to grant the motion." *Carver v. Bunch,* 946 F.2d 451, 453 (6th Cir. 1991) *United States v. Jamal,* 246 Fed.Appx. 351, 369 (6th Cir. 2007) A detention hearing may be reopened if 1) new information exists that was unknown to the movant at the time of the hearing; and 2) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community. 18 U.S.C. § 3142(f)(2)(B). The Sixth Circuit has previously opined about this section that: "[i]n other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *United States v. Watson*, 475 F. App'x 598, 599–600 (6th Cir. 2012).

*A) Information regarding a third-party custodian and potential employment was known to the movant at the time of the original detention hearing.*

The Defendant cites in his Motion that his mother is now "more amenable to being a third-party custodian." (Doc. No. 235, PageID #: 713.) The fact that she has spoken to her son over the past two years and now is more willing to be his third-party custodian is neither new information nor does it change the history of her actions during her prior third-party custodianship of Defendant. Defendant submitted his mother as his third-party custodian at the time of his original detention hearing. She stated at that hearing that she was willing to be his third-party custodian. Defendant states that he has community and family support. None of the individuals he listed were unknown to him at the time of the detention hearing.

Defendant cites potential employment as "new information." There is not a guaranteed offer of employment stated in the Defendant's motion. Defendant was employable at the time of the detention hearing. The fact that his brother believes he can get Defendant a job is not new information, nor does it increase the likelihood that the Defendant will appear for trial or be less likely to be a danger to the community.

Because this information is not really "new" in that it was known to the movant at the time of the original detention hearing, it cannot be used to enable him to re-open the detention hearing. In *Watson*, the Sixth Circuit described the kind of information needed to re-open a detention hearing as "*new* information". *Watson*, 475 F. App'x at 599–600 (emphasis added). And yet, this is not new information; it is information that the Defendant would have known at the time of the original detention hearing (and some of it is even information that the Defendant offered at the *original* detention hearing). Therefore, under *Watson*, this information is not a basis to re-open the Defendant's detention hearing.

*B) The length of defendant's potential sentence is not new information.*

The Defendant's attempts to persuade the Court that somehow it was misled as to the severity of the defendant's potential sentence. The defendant continues to face the same charge that he did during his detention hearing. The same rebuttable presumption applies. What has changed is that the United States filed a Superseding Indictment that alleges a prior conviction for a serious violent felony that increases the maximum potential penalty from twenty to thirty years pursuant to 21 U.S.C. §§ 841(b) and 851(a)(1). (Doc. No. 104.)

The Court declines to entertain the potential length of a defendant's sentence when the Government submits it as a factor that impacts the defendant's risk of flight. It should also decline to do so when the defendant puts forward the same theory for the opposite impact.

Defendant's motion avers that he has not had any disciplinary problems while in custody. This is not the case. Defendant has had several infractions while housed at the Greyson County Detention Center. These include fighting with other inmates and possessing a smoking device.

## CONCLUSION

The statute and case law are clear on the burden that a defendant must carry to re-open a detention hearing. Respectfully, the Defendant has failed to do so in this instance. Therefore, the United States respectfully submits that the Defendant's Motion must be denied.

Respectfully submitted,

MARY JANE STEWART
Acting United States Attorney

By: */s/ Juliet Aldridge*
JULIET ALDRIDGE
Assistant U. S. Attorney
110 9th Avenue South - Suite A-961
Nashville, Tennessee 37203-3870
Telephone: 615-736-5151

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant, via the Court's Electronic Case Filing System, on August 16, 2021.

*/s/ Juliet Aldridge*
JULIET ALDRIDGE
Assistant United States Attorney