UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:19-cr-00211 |
| | ) | |
| [7] MARCUS DECARLOS ODOM | ) | Chief Judge Crenshaw |

## UNITED STATES' SENTENCING MEMORANDUM

The United States, through Mark H. Wildasin, United States Attorney for the Middle District of Tennessee, and Assistant United States Attorney Juliet Aldridge, in accordance with Local Criminal Rule 32.01(e), hereby provides its statement addressing the sentencing factors set forth in Title 18, U.S.C., Section 3553(a). This Memorandum identifies and discusses what the United States believes are the relevant factors that may be applicable at sentencing.

Defendant entered a plea of guilty to Count One of the Superseding Indictment on March 10, 2022, pursuant to a plea agreement governed in part by Federal Rule of Criminal Procedure 11(c)(1)(B). (DE # 363.) The plea agreement states that the parties agree to recommend to the Court a final offense level of 19. Beyond the final offense level recommendation, the parties are free to recommend whatever sentence each deems appropriate.

The Presentence Investigation Report ("PSR") calculated a final offense level of 19. (PSR at p. 9, ¶ 27.) The Probation Officer has not made a recommendation on a custodial sentence in the PSR. (PSR at p. 28.) The United States respectfully requests this Court accept the parties' plea agreement and find a final offense level of 19. An offense level of 19 and a criminal history category of V yields an advisory guideline range of 57 to 71 months. (*Id.*) The United States requests the Court impose a sentence at the low end of the guidelines of 57 months' imprisonment and a term of supervised release of 3 years.

## 18 U.S.C. § 3553(a) SENTENCING FACTORS

1. **The nature and circumstances of the offense and the history and characteristics of the defendant.**

The facts of this case are fully detailed in the Plea Agreement and the PSR. For purposes of this sentencing memorandum, the United States incorporates those facts as though fully set forth herein, with a brief summary included below.

Defendant was a mid-level distributor of cocaine. Conversations between defendant and Raytheon Neal and later between defendant and Lereco Abston were intercepted on federally authorized wiretaps in this case. The interceptions revealed that defendant was a part of the Abston drug trafficking organization and conspiring with others to obtain and distribute cocaine. Several of the conversations indicate that defendant was brokering a deal with Abston for a third-party buyer in addition to purchasing his own supply for distribution.

Defendant's history and characteristics are detailed in the PSR. Defendant has had a life-long involvement with drugs and several instances of gun possession. The most notable of his prior convictions is the 2003 conviction in the Middle District of Tennessee for Aiding and Abetting Travel in Interstate Commerce with the Intent to Commit Violence in Furtherance of Drug Trafficking. (PSR at p. 12, ¶ 35.) Defendant participated in the assault and lighting on fire of a drug associate of a group of his friends. While defendant did not contribute money to the pool used to attempt to purchase cocaine, he did participate in the violence that resulted from the failed drug deal. (*Id.* at p. 13.) After his release from prison in 2013, defendant continued to commit drug offenses up until his arrest in August 2019. (*Id.* at p. 14-16.)

A sentence of 57 months recognizes the serious nature and circumstances of the offense and appropriately addresses the seriousness of defendant's criminal history.

2. **The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

A sentence of 57 months reflects the seriousness of the offense while at the same time recognizing the defendant's role in the conspiracy. The United States submits this sentence will serve as adequate deterrence to future criminal conduct by defendant.

General deterrence is a worthy goal of sentencing. There is a need to promote respect for the law not only from defendant but within the community at large. A sentence of 57 months serves to promote such a respect for the law.

3. **The kinds of sentences available.**

There is no statutory mandatory minimum for the offenses at issue and the guidelines are advisory. The Court has discretion to sentence defendant to a term of imprisonment it deems sufficient.

4. **The kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines.**

Defendant is ineligible for probation. The guidelines provide for a sentence of 57 to 71 months' imprisonment.

5. **Any pertinent policy statement issued by the Sentencing Commission.**

A sentence of 57 months, with 3 years of supervised release to follow, is not inconsistent with any policy statement issued by the Sentencing Commission.

6. **The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

Three of the nine defendants charged in the Superseding Indictment have been sentenced. Raytheon Neal was sentenced on June 28, 2021, to a total of 57 months' imprisonment. Neal was

also a mid-level distributor who purchased cocaine from Lereco Abston. Neal had a higher drug weight attributed to him than defendant does here with a final offense level of 21. Similar to defendant, Neal had a criminal history that included mostly drug felonies. However, Neal did not have a prior conviction for a crime of violence or possession of a firearm unlike defendant. Neal's criminal history points placed him in a Criminal History Category of III.

Jamie Finch was sentenced on March 30, 2022, to 120 months' imprisonment. Finch was a higher-level distributor arguably just below Abston in the hierarchy of the drug trafficking organization. The weight attributable to Finch called for a mandatory minimum of 10 years. Finch had a lengthy criminal history of drug crimes as well as firearm possession and an aggravated assault conviction. His criminal history points placed him in a Criminal History Category of VI.

James Smith was sentenced on April 21, 2022, to time served which equates to approximately 20 months' imprisonment. Smith was a street level distributor of cocaine who sourced small amounts from Abston. The weight attributable to Smith was a relatively small amount. The final offense level was 13. Smith had a lengthy criminal history but many of his convictions were from the 1980s and 1990s and thus were not counted. His convictions from the 2000s were mostly small scale drug crimes as well as several convictions for driving on a suspended license. Smith's criminal history points placed him in a Criminal History Category of VI.

The United States submits that defendant is most similar in culpability to Raytheon Neal and a similar sentence to Neal's is appropriate. Although Neal had less criminal history points, he was on supervised release at the time of the offense and therefore, a sentence at the top of Neal's guideline range was necessary. Defendant was not on supervised release and a sentence at the bottom of his guideline range and comparable to Neal's sentence should be imposed.

Based upon defendant's conduct, his culpability in the conspiracy, and his criminal history, a sentence of 57 months does not create an unwarranted sentencing disparity with defendants in this case who have already been sentenced.

**7.    The need to provide restitution to any victims of the offense.**

There is no basis for this Court to order restitution in this case.

## Conclusion

The United States respectfully requests the Court to sentence defendant to a term of imprisonment of 57 months, followed by 3 years of supervised release based on the 3553(a) factors.

Respectfully submitted,

MARK H. WILDASIN
United States Attorney

BY /s/ *Juliet Aldridge*
Juliet Aldridge
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Phone: (615) 401-6619
Juliet.Aldridge2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2022, I electronically filed the foregoing *United States' Sentencing Memorandum* with the clerk of the court by using the CM/ECF system, which will send a Notice of Electronic Filing to counsel for the defendant.

*/s/ Juliet Aldridge*
JULIET ALDRIDGE
Assistant United States Attorney
